```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
   ANDREA LAND,
                                      1:18-cv-12850-NLH
              Plaintiff,
                                      MEMORANDUM
   v.                                 OPINION & ORDER

   COMMISSIONER OF SOCIAL
   SECURITY,
              Defendant.
```

**APPEARANCES:**

THOMAS J. GIORDANO, JR
DISABILITY JUSTICE
200F MARKET ST
SUITE 350
PHILADELPHIA, PA 19103

   *On behalf of Plaintiff*

ANNE VON SCHEVEN
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

   *On behalf of Defendant*

**HILLMAN**, District Judge

   WHEREAS, this matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Defendant's denial of Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423, et seq.;

and

WHEREAS, on June 21, 2018, in Lucia v. SEC, 138 S. Ct. 2044 (2018), the U.S. Supreme Court held that Securities and Exchange Commission administrative law judges (ALJs) are inferior officers under the Constitution's Appointments Clause, and one of Plaintiff's bases for appeal is that the ALJ who heard his case before the Agency was not properly appointed under the Appointments Clause and that he is therefore entitled to remand to a properly appointed ALJ; and

WHEREAS, even though Plaintiff did not raise this challenge at the administrative level (hereinafter referred to as a "Lucia challenge"), on January 23, 2020, the Third Circuit Court of Appeals held in Cirko v. Commissioner of Social Security, 948 F.3d 148 (3d Cir. 2020) that a Social Security litigant need not administratively exhaust an Appointments Clause claim before raising it in federal court;[1] and

WHEREAS, after the Third Circuit issued its decision in Cirko,[2] Defendant represented in a "status update" the following:

---

[1] On March 26, 2020, the Third Circuit denied Defendant's petition for a rehearing *en banc*. As set forth below, Defendant did not seek further review of the Third Circuit's decision in Cirko.

[2] The Chief Judge for the District of New Jersey had entered a stay order in all pending social security appeal cases that asserted a Lucia challenge pending the Third Circuit's decision in Cirko. (Docket No. 23.) Once the Third Circuit issued its decision, the stay was lifted. (Docket No. 25.)

> After conferring with the Department of Justice and the Solicitor General, the Commissioner has determined that it will not seek Supreme Court review of the Third Circuit's Cirko decision.
>
> The Commissioner does not contend that Cirko does not apply to this case.

(Docket No. 26);

THEREFORE,

IT IS on this   15th   day of  December , 2020

ORDERED that within 15 days of today, Defendant shall show cause as to why pursuant to Cirko v. Commissioner of Social Security, 948 F.3d 148 (3d Cir. 2020) the ALJ's decision should not be reversed and the matter remanded for a new hearing before a properly appointed ALJ under the Appointments Clause.

At Camden, New Jersey                      s/ Noel L. Hillman
                                                  NOEL L. HILLMAN, U.S.D.J.