```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ANDREA LAND,<br><br>        Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI<br>Acting Commissioner of Social<br>Security,<br>        Defendant. | No. 1:18-cv-12850-NLH<br><br><br><br>**OPINION AND ORDER** |

**APPEARANCES**:

THOMAS J. GIORDANO, JR., ESQUIRE
2005 MARKET STREET, 18TH FLOOR
PHILADELPHIA, PA 19103

   *On behalf of Plaintiff*

PHILIP R. SELLINGER
ANNE VON SCHEVEN
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL, REGION III
P.O. BOX 41777
PHILADELPHIA, PA 19101

   *On behalf of Defendant*

**HILLMAN**, **District Judge**

   WHEREAS, this matter comes before the Court pursuant to the Social Security Act, 42 U.S.C. § 406(b), to review Thomas J. Giordano, Jr.'s (Counsel of Plaintiff, "Counsel") Motion for Attorney's Fees; and

   WHEREAS, On December 31, 2020, the Court granted the Consent Order to Remand pursuant to Sentence 4 of 42 U.S.C. §

405(g), and ordered that the final decision of the Commissioner be reversed and remanded for further proceedings; and

WHEREAS, Counsel represents that the Social Security Administration awarded retroactive benefits to Plaintiff in the amount of approximately $62,580.00, and withheld $15,645.00, representing the contractual contingency fee of 25 percent of past-due benefits; and

WHEREAS, on February 26, 2021, the Parties filed a stipulated consent order for Payment of Equal Access to Justice Act ("EAJA") Fees allowing Counsel a fee award under the EAJA in the amount of $4,837.89 and other expenses in the amount of $20.55 in full satisfaction of Counsel's EAJA; and

WHEREAS, on March 3, 2021, the Consent Order was approved by this Court; and

WHEREAS, on March 10, 2022, Counsel filed a motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in the amount of $15,645.00; and

WHEREAS, the attorney fee provision of the Social Security Act provides, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to

2

which claimant is entitled by reason of such judgment," 42 U.S.C. §406(b)(1); and

    WHEREAS, Counsel has certified that a total of 24.5 hours were expended on Plaintiff's civil action, which led to a positive result for Plaintiff, who contractually agreed to pay the contingency fee; and

    WHEREAS, the Commissioner has filed a letter response to Counsel's petition for attorney's fees, neither supporting nor opposing counsel's request for attorney's fees in the amount of $15,645.00; and

    WHEREAS, the Court further notes that when determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding see Leak v. Commissioner of Social Security, No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (citations omitted); and

    WHEREAS, the Court further notes that a higher contingency fee is reasonable given the risk of non-recovery if Plaintiff's claims were unsuccessful, see id.; and

3

WHEREAS, the Court finds that the following weighs in favor of the requested and contractually agreed-upon 25 percent contingency fee:

1. Counsel has practiced law for over 15 years and has experience in litigating Social Security disability and SSI cases in this district; and

2. The fee requested would result in an imputed effective hourly rate of $638.57 per hour which while high reflects the nature of contingent fees and the risk of non-recovery; and

3. Counsel has agreed to remit to Plaintiff the $4,837.89 in EAJA fees which the Court previously awarded on March 3, 2021, which means that the overall fees retained by Counsel would be within the boundaries of reasonableness, see Perez v. Barnhart, No. 02-3779, 2006 WL 781899(E.D. Pa. 2006); and

4. There is no evidence that Counsel delayed proceedings to increase the fees accrued in this matter; and

5. Counsel provided briefing to this Court, which resulted in this case being remanded for further consideration, and was able to able to convince the Administration via briefing on remand that the Plaintiff was owed retroactive benefits since

2013, whereby the ALJ Frederick Timm provided Plaintiff with a Fully Favorable Decision; and

6. Plaintiff agreed to the 25 percent contingency fee; and

WHEREAS, the Court finds therefore that the foregoing factors show that the 25 percent contingency fee expressly permitted by § 406(b) is reasonable under these circumstances;

Accordingly,

IT IS on this 3rd day of June, 2022

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Counsel remit to Plaintiff the $4,837.89 in EAJA fees previously awarded; and it is further

ORDERED that Counsel's Motion for Attorney's Fees Pursuant to the Social Security Act be, and the same hereby is, GRANTED, and Counsel shall be awarded $15,645.00 in attorney's fees; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.